## Cause of Action

In October, 2001, the Plaintiff wrote (AUSA) John. S. Davis of Richmond, VA. giving him proof from the alleged victims in the Plaintiffs Criminal Case that the plaintiff (Lewis) is actually innocent of his Criminal Conviction and that his Substantive rights of Due process have been violated. Lewis (Plaintiff) also informed AUSA Davis of his Duty to report the information to the proper authorities that cast serious doubt on this Criminal Conviction. Lewis received NO Feedback from AUSA Davis. Again on 15 December, 01, Lewis wrote A.U.S.A Davis and Davis received the letter on 23 December, 01. On 11 January, 02, AUSA Davis sent a Letter from himself and a Copy of the letter that Lewis wrote to Warden Keith Olson at U.S.P. Terre Haute, IN. The letter that A.U.S.A. John Davis wrote was with-held from Lewis and deemed by this institution as Freedom of Information Exempt. On January, 11 2001, Lewis was called from religious services to the Luitenents office. Lewis was then taken to the S.H.U. pending investigation.

①

OFC. Coleman stated: "you may not have implied a physical threat, but, I know your intent. I then informed OFC. Coleman that his statement violates Rule 704 of the FED. Rules. of. Evidence. OFC. Coleman said, well, who's going to save you? D.H.O.? I then informed OFC. Coleman that he has no jurisdiction to charge me with for a dispute between me and A.U.S.A John S. Davis of Richmond, VA, as he is not an employee within the B.O.P., nor an inmate, And that if John S. Davis felt that I threatened him and his family with bodily harm, his jurisdiction to charge me lies within the Grand jury in Richmond, VA, because, threatening a Federal official and his family with bodily harm is a Federal offense under 18 U.S.C. 115 of the FED. Rule of Crim. Proc., OFC. Coleman then walks away without a reply. During the next dog and pony show conducted on Every Wednesday at the S.H.U., LEWIS spoke to Warden Keith Olson Explaining that his staff-members have no jurisdiction to prosecute matters that occur outside of this institution nor the B.O.P., LEWIS also informed Warden Olson that there was no implied threat and LEWIS has been charged for a prison violation that he clearly has not violated, LEWIS also informed the Warden that he has been refused the letter from A.U.S.A John S. Davis and that LEWIS needed his Legal work because he has an appeal Due and at that time LEWIS had been in the S.H.U. 3 weeks without his personal property and Legal work.

③

Warden Olson made no reply, instead he refered
my complaints and questions to Capt. Walton and
(S.I.S.) LT. Gregory, whom both blew me off.
On 26 February, (45 days from initial Lock-down)
Lewis went before D.H.O. Killion. Lewis presented
Case Law verifying what a threat to do bodily harm
is and what is not. Lewis proved that the elements
that it took to convict one ot a threat to do bodily
harm on another, did not exist in the Letter. Killon
Stated that this type of hearing is not like a Court
hearing and that he did not have to meet all of the
elements. Killion then reads the letter I sent as evidence,
Killion stated, who do you think you are Lewis?
Some God or something? "Well, your not, your just
an inmate." Lewis, the only persons decision that
matters in the whole world is mine, and I say
you threatened A.U.S.A. Davis and his family with
bodily harm or even meant to kill them.
Killion then finds me guilty and sentences Lewis to
30 days isolation and 27 days Loss of good-time.
Lewis told Killion that he disagreed with his
decision and that he was appealing. Killion
stated, " I'll see you again Lewis! "
LEWIS THEN APPEALED TO THE REGION. ON 3 July, 03,
The Region found a Procedural Due Process error
and that Lewis did Not make an implied threat
to Committ bodily harm, and ordered a
Re-hearing, overturning the (203) & (406) violations.

(4)

Upon reciept of the Regions decision, Lewis filed a
B-P 8's and BP-9's requesting $100.00 per day
spendt in S.H.U. and requested his grade one
with longevity back, from the Unicor Services with
back pay and differential pay for the loss incurred.
ON THE RESPONSES of the BP-8's and BP-9's by
D.H.O. killion, he stated that there was no Procedural
Error and denied the requests. ON 6 September, 02,
a Re-hearing of the (203) + (406) violations was
conducted. Killion reads part of the memorandum
opinion and order by region (inwhich he verbally
refused Lewis a Copy of) and then dismisses the
(203) + (406) charges + convictions, Killion, seconds later,
Charges Lewis with a Code (299), determines the facts,
Convicts, and Sentences Lewis to 30 days Segregation
and 27 days loss of good-time, without prior 24 hr.
Notice of this New charge. Lewis told killion that
he could not legally do this, killion stated, that his
actions are within the Law. I then told killion that
I was going to file a Suit against him, and
that I was appealing, and that the (299) code
would Not stand. D.H.O. killion then stated "
GO FOR iT." LEWIS then Appealed. ON 13 December,
02, The regions decison to uphold the (299) code
was unsupported by any law or B.O.P. Policy
Statement. The Region states that killion may
Charge, Convict, and Sentence Lewis of a "New charge"
"without 24 hr prior Notice of charge."

(5)

Lewis filed for the Letter by way of Freedom of Information. In March of 2003, Lewis recieved the Letter written by A.U.S.A John S. Davis, whom sent the letter to Warden Keith olson. SEE Attached Letter by (A.U.S.A.) Davis.

In the Letter by (AUSA) John S. Davis, he does not charge or accuse Lewis of threatening him nor his family with bodily harm. Quite frankly, he only specifically asked that Lewis be advised by one of the Staff member of U.S.P. Terre Haute, that if Lewis wrote a threatening Letter to commit bodily harm to a Federal Law Enforcement Officer, that his office would undoubtedly prosecute Lewis for that Conduct. Warden olson and Staff took matters into their own hands to violate Lewis' Substantive rights of Due process, Liberties and privileges absent all jurisdiction and without any Victim.

7

Claim (two)

Lewis contends that Ofc. Coleman, acting in the course of his employment, conspired to, aided and abetted in a conspiracy to deprive with malice and without provocation, against a Black, muslim, Federal inmate, for the purpose of depriving Lewis of his Federally protected rights, Liberties, and privileges, in retalliation for Lewis' excercise of his 1st Amd. rights, by filing prison charges against Lewis, absent jurisdiction, and maliciously files false charges or violation that Lewis clearly did not violate, Namely a (203) & (406) code violations. Causing Lewis to be seized in S.H.u. for 73 days and loss of 27 days good-time, causing extreme emotional distress and anxiety. Thus violating Lewis' substantive and Procedural rights of Due process and Equal protection of the Law as well as violating Lewis' 4th Ament rights of illegal seizure. Ofc Colemans actions was motivated by the desire to conspire and aid and abett with ~~John S. Davis~~ Warden olson and killion, to discourage Lewis from excercising his rights of Freedom of speech ~~and his privilege to prepare~~ a. ~~petition for writ of certiorari.~~

10 8

LEwis Contends that ofc. Colemans Conduct was motivated by an evil motive and intent, which involved reckless indifference to LEwis' federally protected rights. LEwis also Contends that ofc. Coleman Abused the process designed by the B.O.P. to discipline prisoners for prison rule violations. Ofc. Coleman used the process for an ulterior purpose. LEwis also Contends that ofc. Coleman as an Special Investigating officer for the B.O.P., was negligent in his duties and obligations recognized by Law requireing ofc. Coleman to Conform to a certain standard of conduct for the protection of prisoners against unreasonable charges and Confinement in the S.H.U., as well as loss of Liberties and rights & privileges. OFC. Coleman's Failure to Conform to the required standard caused a casual connection between the conduct of A.W. S.A. ~~John S. Davis~~ Keith olson and D.H.O. Killion, resulting in injury and actual loss and damage in the interest of the Plaintiff. wherefore, LEwis request Compensatory Damages in the amount of $100,000.00 and Punitive damages in Amount of $150,000.00 and $3,500.00 in reasonable attorney Fees for 100 hrs legal research, filing and postage X 35.00 hr.

9

Claim (three)

LEwis Contends that V. killion, acting in the Course of his employment, Conspired to, aided and abetted in a Conspiracy to deprive, with Malice and without provocation Nor jurisdiction, against a Black, muslim, and federal inmate, for the purpose of depriving LEwis of his federally protected rights, Liberties, and privileges, in retaliation for LEwis' Excercise of his rights of freedom of speech and privilege to ~~file a writ of certiorari~~ [now], by entertaining a Complaint by an Individual whom is not an Employee with in U.S.P. Terre Haute, Nor the B.O.P., and finding Lewis guilty of prison Violations that even he Clearly admitted were not Violated yet, illegally sentences LEwis to 30 days segregation and 27 days loss of good-time, and after LEwis has the Convictions overturned on Appeal (for Due Process Procedural Errors) killion then dismisses the Code (203) + (406) Violations, and Immediately afterwards, Charges, Convicts, and Sentences Lewis to a Code (299) without 24 hr prior Notice of "NEw charge." The (299) Code was Maliciously given to Lewis by killion, for LEwis filing Administrative Remedies requesting Monetary damages for the Due process Violations on the Original (203) + (406) Violations. Here again, Violating LEwis' Substantive and Procedural Rights of Due process and Equal protections of the LAw.

10

LEWIS spendt 73 days iN S.H.U. and lost 27 days Statutory good-time and suffered extreme Emotional distress for the Excercise of his federally protected rights. The (209) A(406) Codes Convictions was motivated by the desire to Conspire and aid and abett with ~~John S. Davis~~ Keith Olson and Ofc. Coleman, to discourage LEWIS from excercising ~~his privilege to prepare a petition for WRIT OF Certiorari; and~~ LEWIS' right of freedom of speech by the letters sent to John S. Davis. LEWIS contends that D.H.O. Killions conduct was motivated by an evil motive and intent, which involved reckless indifference to LEWIS' federally protected rights, LEWIS also contends that Killion abused the process designed by the B.O.P. to discipline prisoners for prison rule violations. D.H.O. Killion used this process for an ulterior purpose, on the "NEW Charge" Code (299) in which Killion was the Charging officer, Judge, Jury, and Prosecutor, and giving this charge without 24 hr. Notice, Violates the Minimum requirements of Due process iN Prison Disciplinary Hearings. An THEN Killion Calls ahead of the Appeal and speaks with the officers presiding over the Charge oN Appeal and they themselves Call A.U.S.A. John S. Davis iN Richmond, VA, Shows an oN going Conspiracy to deprive. The regional D.H.O. Panel, **MADE** findings Contrary to LAW (MAde)
11

and whom didn't support their findings with case Law nor B.O.P. policy statements, clearly shows aiding and abetting in a conspiracy to deprive, especially when on the B-P 10, Aminist- rative remedy Appeal, Lewis cites Supreme Court Law and state case cites to support his appeal. The Phone call by killion to the Region, and Regions call to AUSA John S. Davis, shows a meeting of the minds, to deprive Lewis of his Constitutional rights, Liberties, and privileges. As a Disciplinary Hearing Officer, killion was negligent in his duties and obligations recognized by Law requiring killion to conform to a certain standard of conduct for the protection of prisoners rights, privileges, and Liberties, killions failure to conform to the required standard caused a casual connection between the conduct of John S. Davis and OFC. Coleman, resulting in injury and actual loss and damage in the interest of the Plaintiff. Lewis also contends that killion Abused the process designed by the B.O.P. to discipline prisoners for prison violations killion used the process for an ulterior motive, on two seperate occassions. wherefore Lewis request #150,000.⁰⁰ in compensatory Damages $150,000.⁰⁰ in Punitive damages and $3,500 ⁰⁰ in reasonable attorney fees for 100 hrs Legal research, filing, and postage × $35.⁰⁰ hr.

12

CLAIM (FOUR)

LEWIS contends that the Regional officers overseeing LEWIS' Appeal, in Kansas City, KS. (Names Unknown) acting in the Course of their employment, Conspired to, aided and abetted in a conspiracy to deprive, with malice and without provocation against a Black, muslim, and Federal inmate, for the purpose of depriving LEWIS of his federally protected rights, Liberties, and privileges by attempting to discourage and mislead LEWIS in his quest for relief by stating in their opinion and order #283279-R1, THAT killian was Not required to give LEWIS 24 hr. NOTICE OF "<u>NEW Charge</u>" being considered. The Panel also Stated THAT killian, (THE charging officer and the only officer determining the Facts) met the Standards of fairness, impartiality, and the burden of Evidence on which to Support a finding of " Conduct which disrupts, Most Like Threatening" code 299/203. By the Book, a (299) code is only to be given when NO Other Violation is applicable and the Violation is of High severity Category. LEWIS states that there was NO Evidence To Conclude that the Letter LEWIS wrote TO A.U.S.A. Davis on 15 December, 01 and received by Davis on 23 December, 01, disrupted the Normal functions or operations of this institution. And the Letter wasn't fax-mailed to this institution by Davis until 11 JAN 02, and since the Regional Panel had previously ruled that LEWIS ⟶

13

did Not make an implied threat to committ bodily
harm to A.U.S.A. John S. Davis and his family,
the most Like Threatening accusation can not stand.
Lewis contends that there is No in between, you
either threatened bodily harm or you didn't.
Lewis contends THAT THE Regional Panels decision
To Violate and aid and abett in a Conspiracy to
deprive was based off of their Conversation with
D.H.O. killion, whom called the Region ahead of
Lewis' Appeal and made an agreement that would
and has furthered the Conspiracy to deprive Lewis
of his Rights, Liberties, and privileges.
When an INMATE is Charged with a prison Rule
violation here at U.S.P. TerRE Haute, IN. He is
Then brought before Unit Team (Arraingment). The
First thing Unit Team does is Read you your 7 rights
from BP-S 293.052, Inmate Rights at Discipline
Hearing. The very First Right on the form states
as Follows:
   (1) THE right to have a written copy of the
       Charge(s) against you at least 24 hours
       prior to appearing before the Disciplinary
       Hearing officer.
This also the very first right of Due process
under a miximum standard requirement for Prison
disciplinary Hearings ordered by the Supreme Court
in Wolff-v- McDonnell.

14

Another requirement is that the "Charging party" must not be present during the Hearing because their mere presence influences the D.H.O.'s decision. So one can not expect us to beleive that the "Charging Party" could also be the only officer presiding over the Charge at the Disciplinary hearing, determine the facts, conduct, and sentence an indivisual, and say that it was a fair and impartial hearing. The fact that LEWIS substantiated his argument in his appeal with Existing State and Federal Constitutional Law and Case Cite, and the Regional Panel could not support their findings with No Existing Law or B.O.P. Policy Statement, it is clear that this panel (having the Law before them) conspired to, and aided and abetted in a Conspiracy to deprive LEWIS of his Constitutional Rights, Liberties, and Privileges. The Regional Panel had the duty and obligation to intervene on Appeal when it was made obvious that LEWIS rights of Due Process had been violated by D.H.O. killion. The Regional Panel was negligent in its duty and obligation reccognized by Law requireing the panel on Appeal to conform to a Certain Standard of Conduct

for the protection of a prisoners rights, Liberties, and privileges. The Panels failure to conform to the required standard caused a close Casual Connection between the Conduct of D.H.O. olson Killion, Ofc. Coleman, and ~~A.U.S.A. John S. Davis~~ keith ~~dewr~~ and the resulting injury and actual loss and damage resulting in the interest of the Plantiff. LEWIS Request Compensatory damages against the Persons at region that overseen Administvative Remedy 283279-R1, in the amount of $150,000.⁰⁰ and Punitive DAmages in the amount of $150,000.⁰⁰ and $3,560⁰⁰ in reasonable attorney Fees For 100 hrs of Legal research, Filing, and postage

Also, LEWIS was injured by the Regional Panels decision because, LEWIS has spendt 73 days in S.H.U. and Lost 27 days good-time and Suffered mental and Emotional Stress and Anxiety.

16

Claim (five)

Lewis contends that the Bureau of Prisons through
its training academy are liable for negligence.
The B.O.P. through its training Center undertook to
train ofc. Coleman, V. Killion, Warden Olson, and the
unknown Officers at the Regional office in Kansas,
owes a duty to properly train these officers in their
prospective offices, which proved the proximate Cause
of the illegal and wrongful acts in depriving Lewis
of his federally protected rights, Liberties, and privileges.
By D.H.O. Killion's Statements, stating that his actions
are within the Law and policy, and the Regional Panels
Statements, confirming the same, proves that these
illegal deprivations and D.H.O. Killions and the
Regions practice, is a policy or a Custom that
is acceptable to the personell whom write policy
and pass down Customs from the Administration
working out of the office of the B.O.P. in
Washington, DC., this acceptable, illegal conduct and
Customs of depriving persons of their Federally protected
rights, Liberties, and privileges, deems the B.O.P.
Liable for damages in the interest of Lewis.
wherefore, Lewis request Compensatory Damages
in the amount of $150,000.ᵒᵒ and punitive
damages in the Amount of $150,000.ᵒᵒ
An Reasonable attorney Fees of 35,000 $3,500
for 100 hrs Legal research x $35.ᵒᵒ hr.

Claim (Six)

LEWIS contends that Warden Keith Olson, of U.S.P. TERRE Haute, IN. Was intentionally and grossly negligent for not interveneing in on this Wrongful and illegal conduct by his Staff. LEWIS spoke to Warden Olson on three seperate occassions in reference to his wrongful confinement in S.H.U. LEWIS Spoke To Warden Olson on 2 seperate occassions while in the S.H.U. about his illegal Confinement and on both instances, Warden Olson refered my arguments To other Staff members, First time to Captain Walton, on Second occassion to, LT. Gregory. After LEWIS was released from S.H.U. LEWIS spoke To Warden Olson in the Cafeteria during Lunch. LEWIS advanced the Claim that his officers had No jurisdiction to Charge, Convict, or Sentence LEWIS for an alleged dispute between A. U.S. A. John S. Davis ot Richmond, VA. Whom is not a Staff member in Terre Haute Nor the B.O.P. Warden Olson disagreed, Stating, "if the Letter was Written within the Prison, they have Jurisdiction. LEWIS then stated that the Letter itself was not a threat to do bodily harm and at the very most, Could only be Charged with unauthorized use of the mail, but that Charge Would fail because, ~~there~~ there was No illegal Conduct in the Letter, it is Not illegal to write

18

a U.S. Attorney or his assistants. Warden Olson
stated that, this was the only position he was
taking on the matter. Wherefore, Lewis Charges
that Warden Olson was negligent in his duty
and obligation recognized by the Law requireing
Warden Olson to conform to a certain standard
of conduct for the protection of prisoners against
unreasonable charges, oppression, and harrassment,
as well as confinement in the S.H.U. and loss
of liberties, rights, and privileges. Warden Olson's
failure to conform to the required standard caused
a close casual connection between the conduct
of ~~John S. Davis~~, OFC. Coleman, D.H.O. Killion,
and the ~~the~~ resulting injury and actual loss
or damage resulting in the interest of the
Plaintiff. Wherefore, Lewis Request Compensatory
damages in the amount of $135,000.⁰⁰
and Punitive damages in the amount of $135,000.⁰⁰
and $3,500.⁰⁰ in reasonable attorney fees for
100 hrs. of legal research, filing and Postage.

19

Claim Seven)

Lewis contends that warden Keith Olson, acting in the Course of his employment, Conspired to, aided and abetted in a Conspiracy to deprive with malice and without provocation against a Black, muslim, Federal inmate, for the purpose of depriving Lewis of his Federally protected rights, Liberties, and privileges, in retaliation for Lewis' excercise of his 1ST Amendt. Rights of Freedom of Speech by, upon receiving the letter from (A.U.S.A) John Davis, giving it to (S.I.S.) and instructing them to prosecute Lewis for the letter that he wrote and to make the letter written by (A.U.S.A) Davis F.O.I. exempt to prevent Lewis from finding out that there is no Complaint made by A.U.S.A Davis and that there is no victim. Therefore, warden Olson's actions was motivated by the desire to deprive Lewis of his Federally protected rights, Liberties, and privileges, for the excercise of Lewis rights of Freedom of Speech.

Lewis also request his 27 days loss of good-time restored.   See Attached Exhibits

20



John S. Davis
U.S. Attorney's Office
600 E. main st
Richmond, VA 23219

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

Article Sent To:

John S. Davis                    Ethics Letter

| | | |
|---|---|---|
| Postage | $ .34 | |
| Certified Fee | 1.50 | Postmark Here |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ 1.84 | |

Name (Please Print Clearly) (to be completed by mailer)
Andra G. Lewis   J unit
Street, Apt. No.; or PO Box No.
P.O. Box 33
City, State, ZIP+4
Tere Haute, IN 47808

PS Form 3800, July 1999                    See Reverse for Instructions

7099 3400 0007 2392 6724

PLACE STICKER AT TOP OF ENVELOPE
TO THE RIGHT OF THE RETURN ADDRESS
FOLD AT DOTTED LINE
**CERTIFIED MAIL**

Andra G. Lewis
50730-063
P.O. Box 33
Tere Haute, IN 47808

TO: John Staige DAVIS,

Hi, MR DAVIS,

I'm writing you for several reasons, (one) is because you never answered my last letter. As you've in your possession a sworn statement signed under penalty of perjury and Notarized by MRS. Patricia Lewis, stating that she had recanted her statements to Agent Itirenzman and that she did not appear before the Grand Jury, and that she did not pursue any charges in this case and you should also have a copy of the Freedom of Informatic THAT I recieved from Suzanne Little in Washington DC. stating that the Prosecuting attorneys office has no records indicating that the United States has Criminal Jurisdiction over the Lands of FT. LEE (Army Installation) pursuant TO 40 U.S.C. 255, Also, the District Clerks office has also reported that its office has no records that indicate the same. After reading over my Plea-agreement, I noticed that you stipulated jurisdiction. As I'm sure that you are aware that jurisdiction can not be stipulated nor can a defendant confer jurisdiction on the District Court, Wherefore, that argument would be meritless, I am aware of the crime that has been committed against me, under the color of the Law. Unlike some people, I consider myself to be a fair and just man. As a matter of a fact, I am a merciful and forgiving man. I don't believe that destroying your career and your life as well as your family would make me feel any better than I do right now. Vengeance is ~~my~~ mine, said the Lord. I'll let Allah deal with you in that respect.

DWD
1-17-02

I have lost a great deal during my illegal incarceration. I have suffered and my family has suffered. My mother is old and is having a hard time dealing with her son being in a MAXimum Security Penetentiary where there are fightings and stabbing and murder taking place on a regular basis. My children whom are innocent are suffering as well. My heart nor my consciounce would allow me to put your wife and especially your children through this type of mental trauma. I believe that every child needs their father because, the body can not function properly without the head. I know that this conspiracy could not succeed without Wayne R. Morgan, gr whom played a leadership role. My mercy extends to him as well Agent Hienzum, gr whom's personal ill will towards me and whom I believe suggested the conspiracy, my mercy extends to him as well. And as for Judge Payne, whom had NO jurisdiction to hear this Case, which also makes his act Criminally Neglegent absent jurisdiction, My mercy extends to him as well. After all that I've been through in this Prison and all that I've seen, I don't believe that I'll be able to function mentally on the outside. My financial stability is the most important issue in my life right now. My desire is to live a very comfortable and full life, without ever having to work again. Thank you for reading this Letter.

Sincerely

ANDRE LEWIS

OOB
1-17-02

**J.S.DEPARTMENT OF JUSTICE**
Federal Bureau of Prison                    **Administrative Detention Order**

---

                                        USP TERRE HAUTE, INDIANA

                                        Date/Time: 1/11/02 12:30PM
TO    : Special Housing Unit Officer
                                        UNIT: J
FROM  : MARK D. TRAXLER, LIEUTENANT   (Name/Title)

SUBJECT:Placement of **LEWIS, ANDRE**    #**50730-083** in Administrative Detention

_____  (a)   Is pending a hearing for a violation of Bureau regulations:
_____  (b)   Is pending investigation of a violation of Bureau regulations:
_____  (c)   Is pending investigation or trial for a criminal act:
 XXXX   (d)   Is to be admitted to Administrative Detention

        _____ (1) Since the inmate has requested admission for protection:

I hereby request placement in Administrative Detention for my own protection.

            Inmate Signature/Register No.: _____

            Staff Witness Printed Name/Signature: _____

        _____(2) Since a serious threat exists to individual's safety as
perceived by staff, although person has not requested admission: referral of the
necessary information will be forwarded to the UDC/DHO for appropriate hearing.

_____  (e)   Is pending transfer or is in holdover status during transfer:
_____  (f)   Is pending classification: or
_____  (g)   Is terminating confinement in Disciplinary Segregation and has been
ordered into Administrative Detention by the Warden's designee.

It is this officer's decision based on all the circumstances that the above named
inmate's continued presence in the general population poses a serious threat to
life, property, self, staff, other inmates, or the security or orderly running of
the institution because YOU ARE BEING PLACED IN THE SPECIAL HOUSING UNIT DUE TO YOU
BEING INVOLVED IN AN SIS INVESTIGATION.

Therefore, the above named inmate is to be placed in administrative detention until further notice.
The inmate received a copy of this order on Date/Time) 1/11/02  2:20PM
Staff Witness Signature/Printed Name M. TRAXLER/LIEUTENANT  Date 1/11/02  *In the case of DHO
action, reference to that order is sufficient.  In other cases, the officer will make an
independent review and decision, which is documented here.

cc:    Inmate Concerned, Captain, Administrative Detention Lieutenant, Unit Manager, Central
       File.

                    BP-308(52)  JANUARY 1988

Incident Report

| 1. NAME OF INSTITUTION | | | | |
|---|---|---|---|---|
| USP TERRE HAUTE INDIANA | | | | |

## PART I – INCIDENT REPORT

| 2. NAME OF INMATE | 3. REGISTER NUMBER | 4. DATE OF INCIDENT | 5. TIME |
|---|---|---|---|
| LEWIS, ANDRE | 50730-083 | approx. Dec 23, 2001 | Mail pick-up Time 5:00 AM |

| 6. PLACE OF INCIDENT | 7. ASSIGNMENT | 8. UNIT |
|---|---|---|
| USP Terre Haute | Unassg | 3/SHU |

| 9. INCIDENT | 10. CODE |
|---|---|
| Threatening another with bodily harm. Unauthorized use of the Mail. | 203 406 |

11. DESCRIPTION OF INCIDENT (Date 1/22/02  Time 8:00 AM staff became aware of incident)

On January 11, 2002, a letter was received from the US Attorney's Office with an attached letter that was sent to their office by you. Within the contents of the letter, there are several remarks that are construed to be threatening or intimidating. Specifically, "I don't believe that destroying your career and your life as well as your family would make me feel any better than I do right now. Vengeance is mine, said the Lord, I'll let Allah deal with you in that respect." Based on these comments that you wrote, you will be charged with Threatening, and unauthorized use of the Mail.

| 12. SIGNATURE OF REPORTING EMPLOYEE | DATE AND TIME | 13. NAME AND TITLE (Printed) |
|---|---|---|
| [signature] | 1/22/02  9:00 AM | T. Coleman, SIS Assistant |

| 14. INCIDENT REPORT DELIVERED TO ABOVE INMATE BY | 15. DATE INCIDENT REPORT DELIVERED | 16. TIME INCIDENT REPORT DELIVERED |
|---|---|---|
| [signature] | 1-22-01 | 11:20 A |

## PART II – COMMITTEE ACTION

17. COMMENTS OF INMATE TO COMMITTEE REGARDING ABOVE INCIDENT

Inmate Lewis said the letter was his; however, it was taken out of context and this was not a threat.

18. A. IT IS THE FINDING OF THE COMMITTEE THAT YOU:
_____ COMMITTED THE FOLLOWING PROHIBITED ACT.

_____ DID NOT COMMIT A PROHIBITED ACT.

B. ____ THE COMMITTEE IS REFERRING THE CHARGE(S) TO THE DHO FOR FURTHER HEARING.
C. ____ THE COMMITTEE ADVISED THE INMATE OF ITS FINDINGS AND OF THE RIGHT TO FILE AN APPEAL WITHIN 15 CALENDER DAYS

19. COMMITTEE DECISION IS BASED ON THE FOLLOWING INFORMATION

Refer to DHO for disposition unavailable at UDC level.

20. COMMITTEE ACTION AND/OR RECOMMENDATION IF REFERRED TO DHO (CONTINGENT UPON DHO FINDING INMATE COMMITTED PROHIBITED ACT)

30 days DS + 14 days GCT to deter future violations

21. DATE AND TIME OF ACTION  1-24-02  14:30   (THE UDC CHAIRMAN'S SIGNATURE NEXT TO HIS NAME CERTIFIES WHO SAT ON THE UDC AND THAT THE COMPLETED REPORT ACCURATELY REFLECTS THE UDC PROCEEDINGS.)

| Chairman (Typed Name)/Signature | Member (Typed Name) | Member (Typed Name) |
|---|---|---|
| [signature] | A. Tom S. Larsa | |

Original - Central File Record   3bef   To inmate after UDC Action

U.S. Department of Justice

Federal Bureau of Prisons

**Notice of Discipli____ing Before
the Discipline Hearing Officer (DHO)**

---

Institution: _— USP THA_

DATE: _1-24-02_

TO: _Lewis, Andre_                                      Reg. No.: _50730-053_

ALLEGED VIOLATION(S): _203 Threatening Another w/ Bodily harm_
                                       _406 Unauthorized Use of the mail_

DATE OF OFFENSE: _12-23-01_                              Code No.: _203, 406_

You are being referred to the DHO for the above charge(s).

The hearing will be held on: _DHO Schedule_ , at _____ (A.M./P.M.) at the following location:

_____

You are entitled to have a full-time staff member represent you at the hearing. Please indicate below whether you desire to have a staff representative, and if so, his or her name.

I (do) _X_ (do not) _____ wish to have a staff representative.

If so, the staff representative's name is: _Counselor Rowe_

You will also have the right to call witnesses at the hearing and to present documentary evidence in your behalf; provided, calling your witnesses will not jeopardize institutional safety. Names of witnesses you wish to call should be listed below. Briefly state to what each proposed witness would be able to testify.

I (do) _____ (do not) _X_ wish to have witnesses.

NAME: _____ , Can Testify to: _____

_____

NAME: _____ , Can Testify to: _____

_____

NAME: _____ , Can Testify to: _____

_____

The Discipline Hearing Officer will call those witnesses (Staff or Inmate) who are reasonably available, and who are determined by the DHO to have information relevant to the charge(s). Repetitive witnesses and repetitive character references need not be called. Unavailable witnesses may be asked to submit written statements.

If additional space is needed, use the reverse side of this form. Date, sign, and return this form to the DHO.

DATE: _1-24-02_                 SIGNATURE: _X_____
                                                    _230_
Notice of hearing before DHO given inmate _1-24-02_ by _Jim Samson_

Date/Time                                    Employee Printed Name/Signature

U.S. Department of Justice

Federal Bureau of Prisons

**Inmate Rights ~ ~ ipline Hearing**

_USP THA_
Institution

As an inmate charged with a violation of Bureau rules or regulations referred to the Discipline Hearing Officer (DHO) for disposition, you have the following rights:

1. The right to have a written copy of the charge(s) against you at least 24 hours prior to appearing before the Discipline Hearing Officer;

2. The right to have a full-time member of the staff who is reasonably available to represent you before the Discipline Hearing Officer;

3. The right to call witnesses (or present written statements of unavailable witnesses) and to present documentary evidence in your behalf, provided institutional safety would not be jeopardized;

4. The right to present a statement or to remain silent. Your silence may be used to draw an adverse inference against you. However, your silence alone may not be used to support a finding that you committed a prohibited act;

5. The right to be present throughout the discipline hearing except during a period of deliberation or when institutional safety would be jeopardized. If you elect not to appear before the DHO, you may still have witnesses and a staff representative appear on your behalf;

6. The right to be advised of the DHO's decision, the facts supporting that decision, except where institutional safety would be jeopardized, and the DHO's disposition in writing; and.

7. The right to appeal the decision of the DHO by means of the Administrative Remedy Procedure to the Regional Director within 20 calendar days of notice of the DHO's decision and disposition.

I hereby acknowledge that I have been advised of the above rights afforded me at a hearing before the Discipline Hearing Officer. I have further been advised that if I have previously received either a presumptive or effective parole date from the Parole Commission, a finding by the DHO that I committed the prohibited act(s) may result in a rescission or retardation by the Parole Commission of the presumptive or effective parole date.

Signed _X_ _____  Reg. No.: _50730 083_  Date: _1-24-02_
Inmate Signature

Notice of rights given to inmate _1/24-02_   _1430_   by _X_ _____
Date/Time                        Employee Printed Name/Signature

Over

BP-293(52)
JANUARY 1986

Attachment 1
THA-1330.7K
10-25-94

U. S. PENITENTIARY/FEDERAL PRISON CAMP

Terre Haute, Indiana                 *SEE Attached Document*

INFORMAL RESOLUTION FORM

Bureau of Prisons Program Statement 1330.7K, Administrative
Remedy Procedure for Inmates, states "Inmates shall informally
present their complaints to staff, and staff attempt to
informally resolve any issue before an inmate files a request for
Administrative Remedy."

In keeping with the spirit and intent of Bureau of Prisons
Program Statement 1330.7, the following form shall be utilized by
staff in attempting to informally resolve an inmate's complaint.

*Friday 8 FEB 02*

ONLY ONE (1) COMPLAINT SHALL BE PLACED ON EACH FORM
=======================================================

INMATE'S NAME: *LEWIS*       REG. NO.: *50730-083* UNIT: *J/ S.H.U.*

DATE/TIME COMPLAINT RECEIVED FROM INMATE:_____

NATURE OF COMPLAINT: *S.I.S. has refused to give me copies of the Letters sent by the Asst. U.S. attorney in reference to my placement in the S.H.U. which is in violation of Due Process*

ACTION TAKEN TO INFORMALLY RESOLVE COMPLAINT: *PROVIDED INMATE COPY OF LETTER HE SENT TO AUSA. LETTER THAT AUSA SENT TO INSTITUTION IS FOI EXEMPT. MUST REQUEST APPROPRIATELY.*

THE APPLICABLE PROGRAM STATEMENT USED IN THIS INFORMAL RESOLUTION

ATTEMPT:_____

_____

INFORMAL RESOLUTION **WAS ACCOMPLISHED**:_____
                                                    DATE

INMATE'S SIGNATURE: _____
                    **SIGNATURE INDICATES INMATE'S ACCEPTANCE OF
                              RESOLUTION**

(OVER)

Attachment 1
Page 2
THA-1330.7K
10-25-94

SECTION III.   (UNIT TEAM REVIEW)

INFORMAL RESOLUTION **WAS NOT ACCOMPLISHED:**   (  /  )   CHECK BOX

EXPLANATION FOR NON-RESOLUTION:   TO **BE COMPLETED** BY COUNSELOR

INMATE REQUESTING AN FOI EXEMPT DOCUMENT, INMATE
ADVISED HE MUST REQUEST THROUGH APPROPRIATE
DOCUMENTATION.

_____**EXTENSION GRANTED ON:**

EXTENSION **GRANTED BY:**   _____
                              NAME AND **TITLE**

CORRECTIONAL COUNSELOR'S SIGNATURE:   _____   **DATE:**

UNIT MANAGER'S COMMENTS, ASSISTANCE, **AND REVIEW:**

UNIT MANAGER'S SIGNATURE:   _____ DATE:

DATE ADMINISTRATIVE **REMEDY** ISSUED:

DATE ADMINISTRATIVE **REMEDY** RECEIVED **BACK FROM** INMATE:

```
ANDRE GERARD LEWIS, 50730-083
TERRE HAUTE USP    UNT: 3    QTR: J03-039L
HWY 63 SOUTH
TERRE HAUTE,   IN 47808
```



**U.S. Department of Justice**
**Federal Bureau of Prisons**
**North Central Regional Office**

**Regional Administrative Remedy Appeal**
**Part B - Response**

Name: LEWIS, Andre
Register Number: 50730-083
Admin Remedy Number: 268005-R2

This is in response to your request for administrative relief regarding the hearing decision of the Discipline Hearing Officer on February 26, 2002, in which you were found to have committed the prohibited acts of Threatening, Code #203 and Unauthorized Use of the Mail, Code #406. You assert that you are innocent because you were just expressing your freedom of speech. Therefore, you are requesting that the incident report be expunged.

We have found a procedural error; therefore, a rehearing of the charges against you will be scheduled and you will be afforded all rights in accordance with Program Statement 5270.07, Inmate Discipline and Special Housing Units. At the conclusion of that hearing, you may reinstate any contentions through the Administrative Remedy process to the Regional Office.

This response is for informational purposes only.

_7/3/02_
Date

_Soz_ _Roh Maude_
G. L. HERSHBERGER, Regional Director

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: LEWIS, ANDRE' G.        50730-083        I        T.H.A.
       LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

Part A—REASON FOR APPEAL   Actually Innocent and Lack of Subject Matter Jurisdiction.
Lewis states As follows: I wrote a letter to the Assistant U.S. Attorney
(John Staige Davis) of Richmond, Virginia on 15 December 2001. On 11 January 2002
after I appealed to the Supreme Court and the notice of Appeal was filed
and stamped at 0945 a.m. 11 January 2002. At 12:00 Noon 11 January 2002
John S. Davis faxed a letter from Richmond, VA complaining that I threatened him
and his family with Bodily harm. If this were True, John S. Davis' jurisdiction
was with the Grand Jury in Richmond, VA. A Threat of Bodily harm on an
Federal Official is in violation of 18 U.S.C. 115 of the Fed. Rule of Crim. Proc.
and is punishable by 1-3 years in prison. The letter that I wrote to
John S. Davis did not imply a threat to do bodily harm against him nor his
family. The contents of the letter is protected speech covered by the 1st Amendt.
to the U.S. Constitution. SEE Attached

5-12-02
DATE                                          Andre G. Lewis
                                              SIGNATURE OF REQUESTER

Part B—RESPONSE

RECEIVED
[illegible] 2002
REGIONAL DIRECTOR'S OFFICE
NORTH CENTRAL REGIONAL OFFICE

RECEIVED
MAY 1 6 2002
BUREAU OF PRISONS
MARO REGIONAL COUNSEL

_____                    _____
DATE                                   REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: _____

Part C—RECEIPT

                                              CASE NUMBER: 268005-R1

Return to: _____
            LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

_____
USP LVN        DATE        Previous editions not usable        SIGNATURE, RECIPIENT OF REGIONAL APPEAL        BP-230(13)
                                                                                                         APRIL 1982

Threatening is not a Crime. If one threatens a Civil Suit or To legally destroy one's Career, Life, and family is not a crime. But, To Threaten bodily Harm is a Crime, both State and Federal and is not protected speech under the 1st Amend. To THE Constitution. John S. Davis is Not a Staff member here at U.S.P. Tere Haute, IN. Nor is he a Staff member within the B.O.P. Wherefore, D.H.O. has and had no Jurisdiction to prosecute Lewis. D.H.O. has NO Jurisdiction to prosecute matters that occur outside of the B.O.P., Also, D.H.O. Killion admits in the D.H.O. Report that there was no threat to do bodily harm in the letter yet he finds me guilty of A 203 shot charging Threatening another with bodily harm. The 406 Charge was never determined by U.D.C. Nor D.H.O. Under the Block VII. Reason For Sanction or Action Taken on page 4, it states: Threatening another with bodily harm promotes disrespect for that Staff member and hampers their ability to Control their area of responsibility. Again, John S. Davis is the U.S. Assistant U.S. Attorney in Richmond, VA whom works For The ~~U.S Attorney~~, Not the B.O.P., wherefore, John Davis is not a Staff member. As Stated in the D.H.O. Report, D.H.O. has construed the statements to fit the agenda of John S. Davis. No reasonable factfinder would have found me guilty of this Charge, this is why I wasn't Indicted by a Grand Jury. D.H.O. made biased and discriminating comments when he stated, "Lewis, the only persons Decision that matters in the whole world is mine, and I say that you threatened John S. Davis and his family with bodily harm and or even meant to kill them." Who do you think you are? You think that You're Some God or Something? Well, your just an inmate Lewis, thats all. As I was leaving out of D.H.O.'s office, killion stated, " I'll see you again Lewis!" wherefore, the Conviction of the 203 Shot and 406 shot Should be reveresed and all liberties restored to Lewis for lack of Subjectmatter Jurisdiction and actual Innocence. D.H.O. Killion can not make something unlawful that the law has already made lawful, Nor can he construe lawful protected speech to be in violation of a prison Rule when the rule has not been Violated. This was nothing but a Political favor and Government Tyrant oppression. Wherefore, Lewis request the Convictions of the 203, 406 be reversed and all liberties restored.

Respectfully

ON THIS 12th DAY OF MAY 2002                        Andre H Lewis

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

---

Type or use ball–point pen. If attachments are needed, submit four copies. One copy of the completed BP–DIR–9 including any attachments must be submitted with this appeal.

From: ~~LEWIS~~ LEWIS ANDRE' G          50730-083          I          T.H.A.
      LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

**Part A—REASON FOR APPEAL.** Actually Innocent and LACK OF Subject MAtter Jurisdiction.
Lewis STATES As Follows: I wrote a Letter to the Assistant U.S. Attorney
(John Stange Davis) of Richmond, Virginia on 15 December 2001. On 11 January 2002
~~stay~~ I appealed to the Supreme Court and the Notice of Appeal was filed
and Stamped at 0945 a.m. 11 January 2002. At 12:00 Noon 11 January 2002
John S. Davis faxed a Letter from Richmond, VA complaining that I threatned him
and his family with Bodily harm. If this were True, John S. Davis' jurisdiction
was with the Grand Jury in Richmond, VA. A Threat of Bodily harm on an
Federal Official is in Violation of 18 U.S.C. 115 of THE FED. Rule of CRim. Proc.
and is punishable by 1-3 years in prison. The Letter that I wrote to
John S. Davis did not imply a threat to do bodily harm against him nor his
family. The contents of the Letter is protected speech covered by the 1st Amendt.
TO the U.S. Constitution. SEE Attached!

5-12-02
DATE          SIGNATURE OF REQUESTER

**Part B—RESPONSE**

 

 

DATE                              REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

THIRD COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE          CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.        UNIT       INSTITUTION

SUBJECT: _____

USP LVN     DATE         Previous editions not usable        SIGNATURE, RECIPIENT OF REGIONAL APPEAL        BP–230(13)
                                                                     APRIL 1982

Threatening is not a crime. To threaten a civil suit or to legally destroy one's career, life, and family is not a crime. But, to threaten bodily harm is a crime, both state and federal and is not protected speech under the 1st Amend. to the Constitution. John S. Davis is not a staff member here at U.S.P. Tere Haute, IN. Nor is he a staff member within the B.O.P. Wherefore, D.H.O. has and had no Jurisdiction to prosecute Lewis. D.H.O. has no Jurisdiction to prosecute matters that occur outside of the B.O.P., Also, D.H.O. Killion admits in the D.H.O. Report that there was no threat to do bodily harm in the letter yet he finds me guilty of a 203 shot charging Threatening another with bodily harm. The 406 charge was never determin' by U.D.C. Nor D.H.O. Under the Block VII. Reason For Sanction or Action Taken on page 4, it states; Threatening another with bodily harm promotes disrespect for that staff member and hampers their ability to control their area of responsibility. Again, John s. Davis is the Assistant U.S. Attorney in Richmond, VA whom works for the ~~U.S.~~ ~~Attorney~~ not the B.O.P., wherefore, John Davis is not a staff member. As stated in the D.H.O. Report, D.H.O. has construed the statements to fit the agenda of John S. Davis. No reasonable fact finder would have found me guilty of this charge, this is why I wasn't indicted by a Grand Jury D.H.O. made biased and discriminating comments when he stated. Lewis, the only persons Decision that matters in the whole world is mine, and I say that you threatened John S. Davis and his family with bodily harm and or even meant to kill them. Who do you think you are? You think that you're some God or Something? Well, your just an inmate Lewis, thats all. As I was leaving out of D.H.O.'s office, Killion stated; "I'll see you again Lewis!" Wherefore, the conviction of the 203 shot and 406 shot should be reversed and all liberties restored to Lewis for lack of subject matter Jurisdiction and actual Innocense. D.H.O. Killion can not make something unlawful that the law has already made lawful, Nor can he construe lawful protected speech to be in violation of a prison Rule when the rule has not been violated. This was nothing but a Political favor and Government Tyrant oppression. Wherefore, Lewis request the convictions of the 203, 406 be reversed and all liberties restored.

Respectfully

On this 12th day of May 2002

Andre H Lewis

| INSTITUTION | USP-TERRE HAUTE | INCIDENT REPORT NUMBER | | 957102 |
|---|---|---|---|---|
| INMATE NAME | LEWIS, Andre | REG NO | 50730-083 | UNIT | 3 |
| DATE OF INCIDENT | 12-23-01 | DATE OF INCIDENT REPORT | | 01-22-02 |
| OFFENSE CODE(S) | 203, 406 | | | |
| SUMMARY OF CHARGES | Threatening, Unauthorized Use of the Mail | | | |

## I. NOTICE OF CHARGE(S)

A. Advanced written notice of charge (copy of Incident Report) was given to inmate on (date) 01-22-01 at (time) 1120 (by staff member) B. McKillop

B. The DHO Hearing was held on (date) 02-26-02 at (time) 1355

C. The inmate was advised of his/her rights before the DHO by (staff member):

Susan Larson, Corr. Counselor on (date) 01-24-02 and a copy of the advisement of rights form is attached.

## II. STAFF REPRESENTATIVE

| A. Inmate waived right to staff representative. | Yes: | | No: | x |
|---|---|---|---|---|

B. Inmate requested staff representative and  Gerald Rowe  appeared.

C. Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result that:

| D. Staff representative | | | was appointed. |
|---|---|---|---|

## III. PRESENTATION OF EVIDENCE

| A. Inmate admits | denies | x | the charge(s). |
|---|---|---|---|

B. Summary of inmate statement:

Inmate Lewis stated, "I have illegally been put in prison. I have a 30 million dollar lawsuit. The letter doesn't say I'm threatening bodily harm. The elements for the offense of threatening bodily harm is not there.

Staff Representative Statement:

Gerald Rowe stated, "I talked with inmate Lewis prior to this hearing and I have checked the time limits. They are all good."

C. Witness(es):

| 1. The inmate requested witness(es). | Yes: | | No: | x |
|---|---|---|---|---|

2. The following persons were called as witnesses at this hearing and appeared. (Include each witnesses' name, title, reg number and statement as appropriate.)

3. The following persons requested were not called for the reason(s) given.

| 4. Unavailable witnesses were requested to submit written | Yes | | No | | N/A | x |

D. Documentary Evidence: In addition to the Incident Report and Investigation, the DHO considered the following documents:

Inmate Lewis submitted one handwritten page.

A copy of the letter written to the U. S. Attorney.

E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate. The confidential information was documented in a separate report. The confidential information has been (confidential informants have been) determined to be reliable because:

N/A

## IV. FINDINGS OF THE DHO

| x | A. The act was committed as charged. |

| | B. The following act was committed: |

| | C. No prohibited act was committed: Expunge according to Inmate Discipline PS. |

## V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations, written documents, etc.)

The DHO finds that on January 11, 2002, at approximately 6:00 a.m., you committed the prohibited act, Threatening, code 203. You did this by writing a threatening letter and mailing it to a U.S. Attorney.

This finding is based on the reporting officer's eyewitness account that on January 11, 2002, at approximately 6:00 a.m., a letter was received from the U.S. Attorney's Office with an attached letter that was sent to their office by you. Within the contents of the letter, there are several remarks that are construed to be threatening or intimidating. Specifically, "I don't believe that destroying your career and your life as well as your family would make me feel any better than I do right now. Vengeance is mine, said the Lord. I'll let Allah deal with you in that respect." The DHO references that letter which does reflect the statement as submitted by the reporting officer.

The DHO considered your statement at the DHO Hearing where you said you are being illegally incarcerated. You claim you have a 30 million dollar lawsuit. You further claim that you were not threatening bodily harm and the elements of the offense are not there. The DHO considered this and

**DISCIPLINE HEARING OFFICER REPORT**
Case 2:03-cv-00096-JCJ-WDR Document 1-1   Filed 04/11/03   Page 36 of 58   PageID #: 43
U.S. DEPARTMENT OF JUSTICE

**BP-S305.052 MAY 94**
**FEDERAL BUREAU OF PRISONS**

finds a letter written from an inmate to a U.S. Attorney with the above statements is threatening to that person.  In reading the context of the letter, the DHO sees that you are not satisfied with the case against you.  You claim that the United States does not have jurisdiction against you.  You lead up to your statement that a crime has been committed against you under the color of law.  Immediately after that, you make the statement that you are merciful and forgiving and you don't believe destroying his career, his life, as well as his family, would make you feel any better than you do right now.  You go on to say, "Vengeance is mine, said the Lord," and you will let Allah deal with him in that respect.  The DHO considered the context and the meaning of the letter and the spirit in which you wrote it, and finds that you did make that statement.  An average person would consider that a threat, and the DHO believes that you meant it as such.  The DHO believes that the elements of the offense are very firmly supported, as you threatened another person.  Although, you didn't specifically threaten him with bodily harm, you threatened his family.  You submitted a handwritten paper at the DHO Hearing and you claim that statements to a federal agent that constituted a "threat," was supported by evidence that defendant met with an agent to express defendant's belief that members of his family had engaged in illegal activities, that agent and U.S. Attorney determined that evidence was insufficient to support conviction of family members, and the defendant left voice mail for investigator stating that the "silver bullets are coming."  The DHO considered that portion of your statement and finds it does not confirm or refute the charge against you as the DHO Hearing is not a jury finding.  You go on in this handwritten paper to state that alleged threats should be considered in light of their entire factual context, including surrounding events and reaction of listeners.  The DHO agrees.  The DHO considered the entire content of the letter and the reaction of the DHO was that you communicated a threat.  You also claim that a particular statement may properly be considered to be a threat and is governed by objective standard whether a reasonable person would foresee that statement would be interpreted by those to whom maker communicates statement as serious expression of intent to harm or assault.  The DHO considered this portion of your statement and finds it neither confirms or refutes the charge against you.  You close by stating a "true" threat, whether reasonable person would foresee that listener will believe he or she will be subject to physical violence upon his or her person, is unprotected by the First Amendment.  The DHO considered this and finds it neither confirms or refutes the charge against you.  As stated above the elements of the offense are satisfied in this case.

Based on greater weight of the evidence, the DHO believes that you did communicate a threat to the U.S. Attorney by writing him a threatening letter.  The DHO believes that you did mean to communicate a threat.  Therefore, the DHO finds you committed the prohibited act, Threatening, code 203.

| VI. SANCTION OR ACTION TAKEN |
|---|
| 30 Days D/S |
| 27 Days Disallow GCT |

**VII. REASON FOR SANCTION OR ACTION TAKEN**

Threatening another with bodily harm promotes disrespect for that staff member and hampers their ability to control their area of responsibility. The sanctions imposed are commensurate with the act committed. These sanctions are intended to encourage you to refrain from such behavior in the future.

**VIII. APPEAL RIGHTS: The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action. The inmate has been advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure. A copy of this report has been given to the inmate.**

| | Yes | | No | | |
|---|---|---|---|---|---|
| | | x | | | |

**IX. DISCIPLINE HEARING OFFICER**

| Printed Name | Signature | Date |
|---|---|---|
| V. Killion, DHO | | 4-28-02 |

| DELIVERED TO INMATE | DATE | TIME |
|---|---|---|
| | | |

(This form may be replicated in WP)

Replaces BP-304(52) of JAN 88

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: MAY 16, 2002

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      MID-ATLANTIC REGIONAL OFFICE

TO  : ANDRE GERARD LEWIS, 50730-083
      TERRE HAUTE USP    UNT: 3    QTR: J03-039L
      HWY 63 SOUTH
      TERRE HAUTE, IN 47808


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 268005-R1       REGIONAL APPEAL
DATE RECEIVED   : MAY 16, 2002
SUBJECT 1       : DHO APPEAL - COMBINED (PROCEDURES, EVIDENCE & SANCTIONS)
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: SEE REMARKS.

REMARKS         : YOU MUST FILE WITH THE NORTH CENTRAL REGIONAL
                  OFFICE

Attachment 1
Page 2 (front)
THA 1330.13D

## U. S. PENITENTIARY/FEDERAL PRISON CAMP

### Terre Haute, Indiana

### INFORMAL RESOLUTION FORM

Bureau of Prisons Program Statement 1330.13, Administrative Remedy Procedure for Inmates, states "Inmates shall informally present their complaints to staff, and staff attempt to informally resolve any issue before an inmate files a request for Administrative Remedy."

In keeping with the spirit and intent of Bureau of Prisons Program Statement 1330.13, the following form shall be utilized by staff in attempting to informally resolve an inmate's complaint.

### ONLY ONE (1) COMPLAINT SHALL BE PLACED ON EACH FORM

INMATE'S NAME: _Lewis, Andre_ REG. NO.: _50730 083_ UNIT: _J_

DATE/TIME COMPLAINT RECEIVED FROM INMATE:_____

NATURE OF COMPLAINT: _Request to know whether the shots (203, 406) (that were overturned by region) whether the procedural error was with SIS, UDC, or D.H.O. This is my second request, initial request dated 29 July 02_

ACTION TAKEN TO INFORMALLY RESOLVE COMPLAINT: _See attached_

THE APPLICABLE PROGRAM STATEMENT USED IN THIS INFORMAL RESOLUTION
ATTEMPT:_____

INFORMAL RESOLUTION WAS ACCOMPLISHED:_____
                                         DATE

INMATE'S SIGNATURE: _____
                SIGNATURE INDICATES INMATE'S ACCEPTANCE OF
                             RESOLUTION

Attachment 1



**U.S. Department of Justice**

Federal Bureau of Prisons

---

*United States Penitentiary*
*Terre Haute, Indiana*

Date: 08-22-2002

Reply to
Attn. of:     Gerald V. Rowe
              **Correctional Counselor Unit 3J**

Subject:   **Response To BP-8**

To:        **Inmate Lewis #50730-083**


    I am writing this memo in response to your BP-8.  In your BP-8 you request to know whether the shots (203, 406), were procedural error with the SIS, UDC, or DHO. After taking with the Discipline Hearing Officer Mr. Killion he advised there was no procedural error.


                                **Gerald V. Rowe**
                                **Correctional Counselor**

TO:
S.H.U
D.H.O.

Attachment 1
Page 2 (front)
THA 1330.13D

## U. S. PENITENTIARY/FEDERAL PRISON CAMP

Terre Haute, Indiana

### INFORMAL RESOLUTION FORM

Bureau of Prisons Program Statement 1330.13, Administrative Remedy Procedure for Inmates, states "Inmates shall informally present their complaints to staff, and staff attempt to informally resolve any issue before an inmate files a request for Administrative Remedy "

In keeping with the spirit and intent of Bureau of Prisons Program Statement 1330.13, the following form shall be utilized by staff in attempting to informally resolve an inmate's complaint.

### ONLY ONE (1) COMPLAINT SHALL BE PLACED ON EACH FORM

INMATE'S NAME: LEWIS , ANDRE   REG. NO.: 50730 083 UNIT: J

DATE/TIME COMPLAINT RECEIVED FROM INMATE: _____

NATURE OF COMPLAINT: REQUEST Compensation (Damages)
for 73 days illegally detained in S.H.U. beginning
11 JAN 02 — 25 MAR 02.  SEE Attached Sheet.

ACTION TAKEN TO INFORMALLY RESOLVE COMPLAINT: _____

_____

_____

THE APPLICABLE PROGRAM STATEMENT USED IN THIS INFORMAL RESOLUTION
ATTEMPT: _____

_____

INFORMAL RESOLUTION WAS ACCOMPLISHED: _____
                                                    DATE

INMATE'S SIGNATURE: _____
                    SIGNATURE INDICATES INMATE'S ACCEPTANCE OF
                              RESOLUTION

Attachment 1

On January 11, 2002, I Andre G. Lewis 50130733 was placed in the S.H.U. for allegedly threatening bodily harm to John S. Davis and his family, and illegal use of the mail.

John S. Davis, whom is the assistant U.S. Attorney in Richmond, VA allegedly faxed a letter to this institution claiming that I threatened him and his family. ON 22 January, 2002, S.I.S. Coleman wrote me a shot (203) and (406). ON FEBruary 26, 2002 D.H.O. killion admitting that there was no threat to committ bodily harm, found me guilty and sentenced me to 30 days D.S. and a loss of 27 days good time. ON 25 MARCH, 02 LEWIS was released to population. LEWIS Then Appealed To Region. ON July 3, 2002, The Regional officer found the procedure inwhich was conducted was in violation of Procedural Due process and overturned the conviction. Wherefore, Lewis request $100.00 per day illegally spendt in the S.H.U. SEE: Poltel-v-Novak, 898 F.Supp. 79

STATing. Administrative reversal of administrative detetion of prisoner after Disciplinary hearing did not cure any wrongful deprivation of liberty and trust resulting from Due Process violation at disciplinary Hearing, and thus, prison officials were Not entitled to Qualified Immunity in prisoners civil rights claim. FED. Rules of Civ. Proc. 56

14 August 02

**U.S. Department of Justice**

Federal Bureau of Prisons

---

*United States Penitentiary*
*Terre Haute, Indiana*

Date: 08-22-2002

Reply to
Attn. of:   **Gerald V. Rowe**
**Correctional Counselor Unit 3J**

Subject:   **Response To BP-8**

To:      **Inmate Lewis #50730-083**


    **I am writing this memo in response to your BP-8.  In your BP-8 you are requesting compensation for 73 days illegally detained in the Special housing unit. After taking with the Discipline Hearing Officer Mr. Killion he advised that he know of no illegal detainment.**

                                          **Gerald V. Rowe**
                                          **Correctional Counselor**

Attachment 1
Page 2 (front)
THA 1330.13D

## U. S. PENITENTIARY/FEDERAL PRISON CAMP

### Terre Haute, Indiana

### INFORMAL RESOLUTION FORM

Bureau of Prisons Program Statement 1330.13, Administrative Remedy Procedure for Inmates, states "Inmates shall informally present their complaints to staff, and staff attempt to informally resolve any issue before an inmate files a request for Administrative Remedy."

In keeping with the spirit and intent of Bureau of Prisons Program Statement 1330.13, the following form shall be utilized by staff in attempting to informally resolve an inmate's complaint.

### ONLY ONE (1) COMPLAINT SHALL BE PLACED ON EACH FORM

INMATE'S NAME: _Lewis, Andre'_ REG. NO.: _56730-083_ UNIT: _J_

DATE/TIME COMPLAINT RECEIVED FROM INMATE: _____

NATURE OF COMPLAINT: _Request Grade I back at UNICOr and back pay and differential pay from January 2002 — August 2002 also request $100 per day spent in S.H.U._ (SEE Attached sheet.)

ACTION TAKEN TO INFORMALLY RESOLVE COMPLAINT: _____

_____

_____

THE APPLICABLE PROGRAM STATEMENT USED IN THIS INFORMAL RESOLUTION ATTEMPT: _____

_____

INFORMAL RESOLUTION WAS ACCOMPLISHED: _____
                                                          DATE

INMATE'S SIGNATURE: _____
                    SIGNATURE INDICATES INMATE'S ACCEPTANCE OF
                              RESOLUTION

Attachment 1

Case 2:03-cv-00096-JDT-WTL Document 1-1 Filed 04/11/03 Page 46 of 58 PageID #: 53

On January 11 2002 LEWIS was placed in the S.H.U. Stemming from a Letter that was faxed to this administration by John Staige Davis, a Asst. U.S. attorney from Richmond, Virginia, whom allegedly claimed that Lewis threatened him and his family with bodily harm. ON 22 January, 2002, Ofc. Coleman of the S.I.S. unit charged Lewis with a 203, 406 shot, while in the S.H.U, LEWIS spoke to Warden keith olson in regards to his incarceration in the S.H.U. and Warden olson directed my Questioning to the Captain on one occassion and S.I.S. Coleman on another occassion. ON 26 Febuary, 2002, D.H.O. Killian found LEWIS quilty of the 203, 406 shot and sentenced LEwis to 30 days Dis. and a loss of 27 days good time. ON 25 march, 2002, LEWIS was released from the S.H.U, LEWIS Appealed D.H.O,'s Decision on the grounds of Lack of Subject matter Jurisdiction and Actual Innocense. ON 3 July, 2002, the Regional Director overturned LEWIS' Conviction and Sentence, finding a procedural Error. During this incarceration in the S.H.U, LEWIS lost his job as a grade (one) with 19 months longevity in the unicor services. LEWIS has suffered extreme mental anguish Due to this illegal incarceration in the S.H.U, and LEWIS was also hendered from presenting an adequate Petition for a writ of Certiorari in the Supreme Court Due to the inadequate Legal Library in the S.H.U. as well as the Limited amount of time that LEWIS was allowed in the legal library while in the S.H.U. LEWIS had to request an extention of time from the Supreme Court to present a adequate Petition in the Supreme Court, This request was granted by the Supreme Court, LEWIS Petition was Due by 26 march, 2002, and LEWIS was released on 25 march, 2002. LEWIS request his grade (one) back with 27 months longevity and backpay and differential pay from January 11 2002, thru August 2002. LEWIS also request $100 per day spendt in the S.H.U. illegally. LEWIS prays that this administration honor this request in Light of Justice and fairness.

Respectfully Submitted

Andre L. Lewis
50736-083
J unit

On this 8th Day of Aug. 2002

**U.S. Department of Justice**

Federal Bureau of Prisons

---

**UNICOR**
*United States Penitentiary*
*Terre Haute, Indiana*

Date:  August 21, 2002

Reply To
Attn Of:   *Donnie L. Pence*
Donnie L. Pence, Business Manager

Subject:  Informal Resolution

To:  Andre Lewis, Reg. No. 50730-083

You request your pay-grade one and twenty-seven months of longevity be reinstated, to be paid back pay from January – August 2002, and to receive one-hundred-dollars per day during the period served in the Special Housing Unit, January – March 2002. Program Statement 8120.02, Work Programs for Inmates – FPI, dated 7/15/99, Chapter 5, Page 2, b.3; reads in part, "FPI pay and benefits are lost in cases of disciplinary transfer and segregation." Since you were placed into disciplinary segregation during the month of January 2002, by UNICOR policy, you lost grade-one and longevity status. You state the Regional Director overturned the findings. Upon written verification by the Disciplinary Hearing Officer of the expunged incident report and reinstatement of lost good time, a review will be conducted concerning the restoration of previously earned longevity. In regards to receiving back pay and one-hundred-dollars per day while detained in the Special Housing Unit, pay positions and rates are established within specific guidelines. Inmate workers are compensated for timed worked. Back pay and other compensation is not authorized.

c: File

ANDRE GERARD LEWIS, 50730-083
TERRE HAUTE USP     UNT: 3     QTR: J03-039L
HWY 63 SOUTH
TERRE HAUTE,  IN 47808

```
ANDRE GERARD LEWIS, 50730-083
TERRE HAUTE USP     UNT: 3     QTR: J03-039L
HWY 63 SOUTH
TERRE HAUTE,  IN 47808
```

Retu

SUBJEC

**Septen**

USP LVN

DEPARTMENT JUSTICE       FEDERAL BUREAU OF PRISONS

*Re-hearing of 203 / 406*

_____ USPTH _____

DATE: _____

T: LEWIS, Andr _____ Reg. No.: 50730-083

A: VIOLATION(S): Threatening / Unauthorized use of the Mail   *Re hearing*

D: OFFENSE: _____ mber 23, 2001  Code No.: 203 / 406

Y: being referred he DHO for the above charge(s).

T: ing will be he : Next available docket , at _____ (A.M./P.M.) at the followin

_____ ieutenant's Of _____

Y: entitled to ha full-time staff member represent you at the hearing. Please indicate below wheth
h taff represent , and if so, his or her name.

I ___ (do not) ish to have a staff representative.

If he staff repre tive's name is: _____

Y also have the t to call witnesses at the hearing and to present documentary evidence in your be
ca your witnesses not jeopardize institutional safety. Names of witnesses you wish to call should
Br state to what proposed witness would be able to testify.

I ___ (do not) ish to have witnesses.

NA: _____ _____ , Can Testify to: _____

NA: _____ _____ , Can Testify to: _____

NAM _____ _____ , Can Testify to: _____

The pline Hearing ficer will call those witnesses (Staff or Inmate) who are reasonably available, and
det d by the DHO have information relevant to the charge(s). Repetitive witnesses and repetitive ch
ref s need not be lled. Unavailable witnesses may be asked to submit written statements.

If onal space is eded, use the reverse side of this form. Date, sign, and return this form to the D

DATE 8-22-02 SIGNATURE: _____

Noti f hearing bef DHO given inmate 8-22-02 7030 by _____
    Date/Time      Staff Printed Name/Signature

(Th m may be replicated via WP)    Replaces BP-294(52) of JAN 88

**U.S. Department of Justice**

Federal Bureau of Prisons

---

*United States Penitentiary*
*Terre Haute, Indiana*

Date:       August 19, 2002

Reply To
Attn Of:    V. Killion, Discipline Hearing Officer

Subject:    Re-hearing of Incident Report #957102
            Re: Inmate LEWIS, Andre

To:         J. Ramer, Unit Manager


Please be advised the above referenced inmate appealed an incident report to the Region. The region has ordered a re-hearing to be conducted. This is to request you issue the inmate another copy of the incident report (attached) and return a memorandum to me indicating the date and time you gave him the copy. Also, this is to request you initiate a new notice of hearing and inmate rights form for this re- hearing, and return them to me. Additionally, the inmate has all rights in effect such as staff representative, witnesses, and the right to submit documentary evidence.

*Copy of notice of Rehearing (this memo) provided to inmate Lewis on 8-22-02 at 1030.*

U.S. Department of Justice
Federal Bureau of Prisons
North Central Regional Office

**Regional Administrative Remedy Appeal**
Part B — Response

Name:  LEWIS, Andre
Reg. No.:  50730-083
Admin. Remedy No.:  283279-R1

This is in response to your Regional Administrative Remedy Appeal.   You request administrative relief regarding the decision of the Discipline Hearing Officer (DHO) on September 6, 2002, in which you were found to have committed the prohibited act of Conduct Which Disrupts, most like Threatening, Code #299/203.   You contend you did not receive 24 hours notice of the new charge being considered by the DHO; the reporting staff member wrote the incident report in retaliation for a complaint you had filed; and, you did not threaten anyone with bodily harm.  As such, you request the incident report be expunged.

We have reviewed your appeal.   You are advised the DHO may find an inmate committed the prohibited act charged and/or a similar prohibited act if reflected in the incident report.  In addition, as the severity level of the charge was not increased, the DHO was not required to give you 24 hours advance notice of the new charge being considered.   Irrespectively, we find the reporting staff member sufficiently delineated your actions during the incident and, as such, your ability to marshal a defense was not hindered.

You have not provided any conclusive evidence in your appeal documentation to establish proof the reporting staff member wrote the incident report in retaliation for a complaint you had filed.  The staff member has signed the incident report which certifies an accurate account of the incident has been submitted.  Accordingly, in the absence of any verifiable evidence to substantiate your allegation, we find this contention to be unfounded.

The DHO met the standards of fairness, impartiality, and burden of evidence on which to support the finding you committed the prohibited act of Conduct Which Disrupts, most like Threatening, Code #299/203.   Accordingly, we support the DHO's finding.   The sanctions imposed by the DHO are within policy and commensurate with the finding you committed a prohibited act in the high severity category.

Based on the above information, your Regional Administrative Remedy Appeal is denied.

12/5/02
Date

G. L. HERSHBERGER, Regional Director

```
ANDRE GERARD LEWIS, 50730-083
TERRE HAUTE USP    UNT: 3      QTR: J03-040U
HWY 63 SOUTH
TERRE HAUTE,  IN 47808
```

FEB 0 6 2003

WARDEN'S OFFICE
United States Penitentiary
Terre Haute, Indiana

Hohn -v- US  524 U.S. 236, 241 (1998)
Supreme Court has jurisdiction to review denial of
application for C.O.A. by Circuit Judge or Appeallate
Panel because application qualifies a "Case" under
  28 U.S.C. 1254(1)  SEE Also  US-v-Apker, 174 F3d
Holding that claims were of Constitutional      934, 937
Nature

**U.S. Department of Justice**

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen.  If attachments are needed, submit four copies.  One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attach-
ments must be submitted with this appeal.

From: _LEWIS ANDRE G_  _5073-083_  _J_  _THA_
       LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.       UNIT       INSTITUTION

**Part A—REASON FOR APPEAL**  Conviction of 299 Code obtained in Violation of Due process and absent all jurisdiction Subject-matter.

       SEE Attached sheet(S)

_15 Dec 02_
DATE

_Andre G Lewis_
SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____
DATE

**GENERAL COUNSEL**

AL: RETURN TO INMATE

CASE NUMBER: _283279-A1_

CASE NUMBER: _____

\_\_AST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

Previous editions not usable

BP-231(13)
APRIL 1982

**Administrative Remedy No. 283279-A1**
**Part ₁R - Response**

You appeal the September 6, 2002, rehearing decision of the
Discipline Hearing Officer (DHO) in which you were found to have
committed the prohibited act of Conduct which Disrupts (Code 299)
most like Threatening (Code 203).  Specifically, you deny the
charge and claim your due process rights were violated.  You
maintain you were not given 24 hours' advance notice of the new
code violation imposed by the DHO.  You also claim the DHO does
not have "jurisdiction to prosecute matters that occur outside
the institution."  As relief, you seek to have the Incident
Report expunged.

Our review of your disciplinary proceedings indicates substantial
compliance with Program Statement 5270.07, <u>Inmate Discipline and
Special Housing Units</u>.  The DHO's decision was based upon the
greater weight of the evidence, and he has detailed in Section V
of the DHO Report, the specific evidence upon which he relied to
support his findings.  We also find it reasonable for the DHO to
have made this determination.

The above-referenced policy states that after consideration of
all the evidence presented at the hearing, the DHO may find the
inmate committed the prohibited act charged and/or a similar
prohibited act if reflected in the Incident Report.  In your
case, you were initially charged with violation of Codes 203 and
406.  However, the DHO determined that your actions, as reflected
in Section 11 of the Incident Report, were more consistent with
Code 299.  By copy of the Incident Report, you were provided
notice of the behavior for which you were to prepare your
defense.  As noted by the Regional Director, because the severity
level of the charge was not increased, the DHO was not required
to provide you additional notice in this case.  Finally,
PS 5270.07 indicates that staff shall take disciplinary action at
such times and to the degree necessary to regulate an inmate's
behavior within Bureau rules and institution regulations.  As
noted specifically in the "Inmate Rights and Responsibilities," a
copy of which you received, it is the inmate's responsibility not
to violate the law or Bureau rules and institution guidelines
through correspondence.  In this case, the incident involved
correspondence you sent to an Assistant United States Attorney.

We find the required disciplinary procedures were substantially
followed, the greater weight of the evidence supports the DHO's
decision, and appropriate sanctions were imposed.  Accordingly,
your appeal is denied.


_February 4, 2003_
_____
Date

_____
Harrell Watts, Administrator
National Inmate Appeals



**U.S. Department of Justice**

*United States Attorney*

*Eastern District of Virginia*

Main Street Centre          804/819-5400
600 E. Main Street          Fax 804/771-2316
Richmond, Virginia  23219-2447

January 2, 2002

RECEIVED

JAN 1 1 2002

WARDEN'S OFFICE
United States Penitentiary
Terre Haute, Indiana

Keith Olson
Warden
USP Terre Haute
Post Office Box 33
Terre Haute, Indiana 47808

Re:  <u>Andre Lewis, No. 50730-083</u>

Dear Warden Olson:.

Enclosed is a copy of a handwritten letter to me from inmate Andre Lewis, who received a five-year sentence in a domestic assault case I prosecuted in this district.  The letter is undated, but it apparently was processed at your facility on December 22, 2001, and was received in my office on December 31.

I am very troubled by the contents of Lewis's letter.  As you can see, Lewis makes several remarks that could be construed as threatening or intimidating.  He states, "I don't believe that destroying your career and your life as well as your family would make me feel any better than I do right now.  Vengeance is mine, said the Lord.  I'll let Allah deal with you in that respect."  Lewis further writes, "My heart nor my conscience would allow me to put your wife and especially your children through this type of mental trauma.  I believe that every child needs their father because, the body can not function properly without the head."  After assuring me that his "mercy" extends to everyone connected to his case, Lewis states that he "[does not] believe that [he'll] be able to function mentally on the outside," and that his "desire is to live a very comfortable and full life, without ever having to work again."

I would appreciate it very much if a member of your staff would meet with Lewis about the letter he wrote.  I request that he be specifically advised that threatening a federal law enforcement officer or his family members is a felony under federal criminal law, and that this Office takes very seriously any conduct that could be construed as a violation of that law



Thank you for your attention to this matter, and please contact me at ████████ if you have questions or need further information.

*b(█)*

Sincerely,

PAUL J. McNULTY
UNITED STATES ATTORNEY

By:

John S. Davis
Assistant United States Attorney

Enc.

cc:   Hon. Robert E. Payne, U.S. District Judge
      Wayne R. Morgan, Jr., Esq.
      S/A ████████████, FBI

REVIEWED, ███████ AND
MAR 1 3 2003
RELEASED BY NORO LEGAL OFFICE

This Lawsuit is pursuant to 42 U.S.C. 1985(c)(1)(3) and Bivens -v- 6 unknown Narcotic agents. 1331, and 42 USC 1988 This civil suit is against the defendants IN their personal and proffessional Capacities.

Respectfully Submitted

Andre G. Lewis SR.

ANDRE G. LEWIS, SR.
50230083   J unit
P.O. BOX 33
TERRE HAUTE, IN 47808